ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **HÉCTOR FALCÓN CASILLAS y OTROS**<br><br>Apelantes<br><br>v.<br><br>**HOSPITAL EPISCOPAL SAN LUCAS, INC. h/n/c HOSPITAL SAN LUCAS DE PONCE y/o CENTRO MÉDICO EPISCOPAL SAN LUCAS y OTROS**<br><br>Apelados | KLAN202301135 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Civil Núm.: **CG2022CV02358**<br><br>Sobre: Impericia Médica |

Panel integrado por su presidente, el Juez Salgado Schwarz, el Juez Ronda Del Toro y la Jueza Boria Vizcarrondo[1].

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de mayo de 2024.

Comparece ante nos el Sr. Héctor Falcón Casillas (en adelante, señor Falcón Casillas), su esposa, la Sra. Lydia M. Cruz Cáceres (en adelante, señora Cruz Cáceres), y la Sociedad de Bienes Gananciales, compuesta por ambos, al igual que los hijos del señor Falcón Casillas; siendo estos, la Sra. Nitza V. Falcón Cruz, el Sr. Hecberto Falcón Cruz, el Sr. Héctor Javier Falcón Sánchez, la Sra. Yariliz Falcón, el Sr. Edgardo Falcón Sánchez, el Sr. José Héctor Falcón Peña y el Sr. Edilberto Falcón Sánchez (en conjunto, parte apelante), a través de un recurso de *Apelación*, y nos solicitan que revoquemos una *Sentencia* emitida el 18 de septiembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), notificada y archivada en autos el 20 de septiembre de 2023.[2]

---

[1] Mediante la Orden Administrativa OATA-2024-021 de 2 de febrero de 2024, se designó a la Hon. Lersy G. Boria Vizcarrondo como integrante de este Panel Especial en sustitución del Hon. Roberto Rodríguez Casillas.
[2] Apéndice de la *Apelación*, *Sentencia*, págs. 126-131.

Mediante dicho dictamen, el foro primario declaró con lugar una *Moción de Desestimación por Inactividad*[3] presentada por el Dr. Alejandro Figueroa Navarro, el Dr. Rafael Figueroa Navarro, el Hospital General Menonita h/n/c Hospital Menonita de Cayey (en adelante, Hospital Menonita) y el Hospital Episcopal San Lucas, Inc. h/n/c Hospital San Lucas de Ponce y/o Centro Médico Episcopal San Lucas (en adelante, Hospital San Lucas) (en conjunto, parte apelada) y, consecuentemente, decretó el archivo del pleito de marras, con perjuicio, a tenor con la Regla 39.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2 (b).

Por los fundamentos que expondremos a continuación, resolvemos modificar y confirmar la *Sentencia* recurrida.

## I.

La presente controversia tiene su génesis el 16 de julio de 2022 cuando la parte apelante presentó una *Demanda*[4] en contra de la parte apelada y otros codemandados en concepto de daños y perjuicios, impericia médica, a tenor con el *Emergency Medical Treatment and Active Labor Act* (EMTALA), 42 U.S.C. sec. 1395dd; y la *Ley de los Derechos y Garantías de Asistencia en Hospitales en Casos de Emergencias Médicas*, Ley Núm. 35 del 28 de junio de 1994, 24 LPRA secs. 3111 *et seq*.

Arguyó la parte apelante que, el 28 de mayo de 2021, el señor Falcón Casillas acudió al Hospital Menonita para una evaluación de *arteriogram* y una posible revascularización. Sostuvo la parte apelante que el señor Falcón Casillas fue atendido por el Dr. Alejandro Figueroa Navarro, quien recomendó que el Dr. Rafael Figueroa Navarro le realizara un procedimiento quirúrgico. Alegó la parte apelante que el 16 de julio de 2021, el Dr. Alejando Figueroa Navarro le efectuó al señor Falcón Casillas, en parte, una

---

[3] *Íd.*, *Moción de Desestimación por Inactividad*, págs. 117-119.
[4] *Íd.*, *Demanda*, págs. 001-010.

angioplastía arterial periférica. La parte apelante adujo que dicho procedimiento se complicó, y que, por ello, y según la decisión del Hospital Menonita, el Dr. Alejandro Figueroa Navarro y/o el Dr. Rafael Figueroa Navarro, el señor Falcón Casillas fue trasladado en ambulancia al Hospital San Lucas en Ponce.

Arguyó también la parte apelante que, luego de varios procedimientos de emergencia, le tuvieron que amputar la pierna izquierda al señor Falcón Casillas. Sostuvo la parte apelante que el diagnóstico incorrecto y la falta de atención médica requerida en el tiempo adecuado ocasionaron que el señor Falcón Casillas sufriese tratamientos innecesarios. Alegó, además, que de haber sido atendido adecuadamente, no hubiese sido necesaria la operación realizada por el Dr. Rafael Figueroa Navarro y/o la amputación de su pierna.

La parte apelante alegó que la parte apelada y los demás codemandados incurrieron en impericia médica y/o negligencia médico-hospitalaria. Por ello, solicitó la parte apelante una suma no menor de $1,000,000.00 por daños físicos, sufrimientos y angustias mentales del señor Falcón Casillas; una cantidad no menor de $15,000.00 por pérdidas sufridas por parte de la Sociedad de Bienes Gananciales compuesta por el señor Falcón Casillas y la señora Cruz Cáceres; un monto de no menos de $100,00.00 en concepto de daños y angustias mentales sufridas por la señora Cruz Cáceres al ver los daños del señor Falcón Casillas, al verlo sufrir, y como le ha afectado la vida familiar y de pareja a consecuencia de los actos y/u omisiones negligentes de la parte apelada y demás codemandados; y una cantidad no menor de $50,000.00 por los daños y angustias mentales de los siete (7) hijos del señor Falcón Casillas al ver los daños de su padre, al igual que verle sufrir como consecuencia de los actos y/u omisiones negligentes de la parte apelada y los demás codemandados.

El 3 de octubre de 2022, la parte apelante presentó una *Demanda Enmendada*[5] en la que añadió que el señor Falcón Casillas fue sometido a un proceso endovascular prematuro de su pierna izquierda. Sostuvo además que no hubo evidencia que justificara proceder con la revascularización de las extremidades, sin un programa inicial de rutina de ejercicios estructurados, el cual no fue recomendado por la parte apelada y los otros codemandados. Continuó la parte apelante alegando que, como resultado del procedimiento realizado al señor Falcón Casillas, este sufrió una lesión y falló la intervención vascular, la cual resultó en la amputación de su extremidad.

Luego de varios trámites procesales, el 17 de noviembre de 2022, el Dr. Alejandro Figueroa Navarro presentó una *Moción Solicitando Fianza de No Residente* donde arguyó que,[6] conforme alegó la parte apelante en la *Demanda Enmendada*, el Sr. Héctor Javier Falcón Sánchez y la Sra. Yariliz Falcón residían en Estados Unidos. Por ello, sostuvo el Dr. Alejandro Figueroa Navarro que, a tenor con la Regla 69.5 de Procedimiento Civil, *supra*, R. 69.5, solicitó del foro primario fijarles una fianza de no residente para garantizar el pago de costas, gastos y honorarios de abogado a los que puedan ser condenados.

Posteriormente, el 2 de diciembre de 2022, el TPI emitió una *Orden*,[7] notificada y archivada en autos el 5 de diciembre de 2022, por la cual le impuso al Sr. Héctor Javier Falcón Sánchez y a la Sra. Yariliz Falcón una fianza de no residente por la cantidad de $1,000.00 cada uno, a tenor con la Regla 69.5 de Procedimiento Civil, *supra*.

---

[5] *Íd.*, *Demanda Enmendada*, págs. 011-020.
[6] *Íd.*, *Moción Solicitando Fianza de No Residente*, págs. 031-032.
[7] *Íd.*, *Orden*, pág. 043.

Más tarde, el 19 de diciembre de 2022, el Hospital Menonita presentó una *Contestación a Demanda Enmendada*[8] en la que negó toda y cualquier imputación de negligencia o responsabilidad médico-hospitalaria, al igual que los hechos alegados en la *Demanda Enmendada.*

El 4 de enero de 2023, el Dr. Alejandro Figueroa Navarro presentó una *Contestación a Demanda Enmendada*[9] donde alegó que el tratamiento médico que proveyó fue uno de excelencia a tenor con la mejor práctica de la medicina y que no incurrió acción u omisión negligente alguna que fuese la causa próxima de los daños alegados y que diera lugar a la imposición de responsabilidad civil. El Dr. Alejandro Figueroa Navarro admitió que el 28 de mayo de 2021, el señor Falcón Casillas acudió al Hospital Menonita para un procedimiento ambulatorio y que fue atendido por él. Sin embargo, sostuvo que no intervino, ni participó de forma alguna en el tratamiento médico brindado al señor Falcón Casillas el 16 de julio de 2021.

Por su parte, el 9 de enero de 2023, el Dr. Rafael Figueroa Navarro presentó una *Contestación a la Demanda*[10] donde aceptó que el 28 de mayo de 2021, el señor Falcón Casillas acudió al Hospital Menonita, y que el 16 de julio de 2021, fue trasladado en ambulancia al Hospital San Lucas. También alegó el Dr. Rafael Figueroa Navarro como defensa afirmativa que existía una póliza de seguro #PP-52092 a favor de él desde el 1 de agosto de 2022 hasta el 1 de agosto de 2023, con retroactividad al 1 de agosto de 2015, cuyo límite de responsabilidad era de $100k/$300k por ocurrencia.

Eventualmente, el 6 de febrero de 2023, el Dr. Rafael Figueroa Navarro presentó una *Moción en Solicitud de Desestimación por falta*

---

[8] *Íd.*, *Contestación a Demanda Enmendada*, págs. 059-071.
[9] *Íd.*, *Contestación a Demanda Enmendada*, págs. 073-081.
[10] *Íd.*, *Contestación a la Demanda*, págs. 083-089.

*de Prestación de Fianza al amparo de la Regla 69.5 de Procedimiento de Civil*[11] por la que solicitó del foro *a quo* que, a tenor con la Regla 69.5 de Procedimiento Civil, *supra,* desestimara el pleito de marras, pues había transcurrido el término de sesenta (60) días desde la notificación de la *Orden* del foro primario para la prestación de fianza de no residente, sin que el Sr. Héctor Javier Falcón Sánchez y la Sra. Yariliz Falcón la prestaran.

El 6 de febrero de 2023, el Dr. Alejandro Figueroa Navarro presentó una *Moción de Desestimación al amparo de la Regla 69.5 de Procedimiento Civil de Puerto Rico*[12] por la que también solicitó del foro primario que desestimara el pleito de epígrafe, conforme al término dispuesto por la Regla 69.5 de Procedimiento Civil, *supra,* y el derecho aplicable.

El 28 de marzo de 2023, el Hospital San Lucas presentó una *Contestación a Demanda Enmendada*[13] en la que aceptó que el 16 de julio de 2021, el señor Falcón Casillas fue trasladado a dicho hospital y que el Dr. Rafael Santini Domínguez le realizó varios procesos incluyendo un *iliofemoral exploration right*, un *iliofemoral thromboendartectomy with patch angioplasty*, y un *profundoplasty removal of foreign body (stent)*. También admitió que el 20 de julio de 2021, el Dr. Juan González Cruz le realizó al señor Falcón Casillas un *left leg below knee amputation*. Sin embargo, negó la existencia de algún nexo causal.

El 3 de abril de 2023, el foro primario emitió una *Sentencia Parcial*[14] desestimando la reclamación presentada por el Sr. Héctor Javier Falcón Sánchez y la Sra. Yariliz Falcón, sin perjuicio, porque

---

[11] Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada núm. 37.

[12] Apéndice de la *Apelación, Moción en Solicitud de Desestimación por falta de Prestación de Fianza al amparo de la Regla 69.5 de Procedimiento de Civil*, págs. 095-096.

[13] *Íd., Contestación a Demanda Enmendada*, págs. 097-107.

[14] *Íd., Sentencia Parcial*, págs. 109-110.

no se había presentado la fianza impuesta habiendo transcurrido el término dispuesto por la Regla 69.5 de Procedimiento Civil, *supra.*

El 18 de abril de 2023, la parte apelante presentó una *Moción de Reconsideración*[15] donde solicitó del foro primario que dejara sin efecto la aludida *Sentencia Parcial* y que le concediera un término de veinte (20) días laborables para presentar la correspondiente fianza. Fundamentó su solicitud de reconsideración en el alegado hecho de que el impago de la fianza por parte del Sr. Héctor Javier Falcón Sánchez y la Sra. Yariliz Falcón se debió a la situación económica en la cual se encontraban.

El 19 de abril de 2023, el TPI emitió una *Orden,*[16] notificada y archiva en autos ese mismo día, denegando la *Moción de Reconsideración.*

El 24 de abril de 2023, el foro primario emitió una *Minuta*[17] sobre la Conferencia Inicial celebrada en el caso de marras el 13 de abril de 2023. En lo pertinente, el foro *a quo* hizo constar en récord que el Lcdo. Amexis J. Bonilla Nieves (en adelante, licenciado Bonilla Nieves), representante legal de la parte apelante, no acudió a dicha vista, no se comunicó ni se excusó. Consiguientemente, emitió una orden de mostrar causa dirigida al licenciado Bonilla Nieves para que, dentro de un término de quince (15) días, expusiera las razones para su incomparecencia y ordenó la cancelación de un arancel de suspensión. También advirtió que la parte apelante tenía que exponer razón por la que no debía desestimar el caso. Por otro lado, según se desprende de dicha *Minuta,* la representante legal del Dr. Alejandro Figueroa Navarro, argumentó que había transcurrido el término de seis (6) meses sin que la parte apelante hubiese realizado gestión en el pleito y procedía la desestimación de su reclamación.

---

[15] *Íd., Moción de Reconsideración,* págs. 112-113.
[16] *Íd., Orden,* pág. 114.
[17] *Íd., Minuta,* págs. 115-116.

El 20 de junio de 2023, la parte apelada presentó una *Moción de Desestimación por Inactividad*[18] por la que arguyó que habían transcurrido once (11) meses desde la presentación de la *Demanda* del caso de marras sin que la parte apelante hubiese realizado alguna acción y/o promoviese el descubrimiento de prueba, y que ello, demostraba total desinterés en su reclamación. Sostuvo, además, que ya habían acontecido dos (2) meses desde las órdenes emitidas por el TPI durante la referida Conferencia Inicial sin que la parte apelante cumpliera. La parte apelada solicitó del foro primario la desestimación del pleito de epígrafe amparándose en la Regla 39.2 (b) de Procedimiento Civil, *supra.*

El 11 de septiembre de 2023, la parte apelante presentó una *Oposición a Desestimación*[19] por la cual alegó que por error o inadvertencia no se había presentado su moción en cumplimiento con las órdenes, y que las notificaciones relacionadas al caso de marras estaban siendo archivadas en el correo electrónico del licenciado Bonilla Nieves sin que se percatara de la situación.[20] Además, alegó que tenía disponible cualquier fecha en lo que restaba de los meses de septiembre, octubre, noviembre y diciembre para calendarizar todo asunto pendiente.

El mismo 11 de septiembre de 2023, la parte apelante presentó una *Moción Pago Arancel de Suspensión.*[21]

El 18 de septiembre de 2023, el foro primario emitió una *Sentencia,*[22] notificada y archivada en autos el 20 de septiembre de 2023, declarando con lugar la *Moción de Desestimación por Inactividad* presentada por la parte apelada y consecuentemente, archivó con perjuicio el pleito de marras. Fundamentó dicho

---

[18] *Íd.*, *Moción de Desestimación por Inactividad*, págs. 117-119.
[19] *Íd.*, *Oposición a Desestimación*, págs. 120-124.
[20] Nótese que el anejo acompañado la *Oposición a Desestimación* no es una moción en cumplimiento de orden sino un reporte pericial.
[21] Apéndice de la *Apelación, Moción Pago Arancel de Suspensión*, pág. 125.
[22] *Íd., Sentencia*, págs. 126-131.

dictamen en que los hechos procesales demostraron una situación extrema de abandono de su reclamación que no ameritaba justificación. Concluyó el foro *a quo* que, aun cuando emitió la orden de mostrar causa y bajo el apercibimiento de la advertencia de una posible desestimación, las propias admisiones de la parte apelante evidenciaron de forma inequívoca su desatención y abandono total del caso por más de seis (6) meses.

Insatisfecha con la determinación del foro primario, el 5 de octubre de 2023, la parte apelante presentó una *Moción de Reconsideración.*[23] Por medio de esta, el licenciado Bonilla Nieves solicitó que no se desestimara el caso de autos y, en la alternativa, que se desestimara *sin* perjuicio. Sostuvo que no procedía penalizar a la parte apelante por su incumplimiento, y que él mismo estaba dispuesto a aceptar la imposición de sanciones económicas previo a proceder con, según alegó, el remedio más drástico, la desestimación. Arguyó el licenciado Bonilla Nieves que, previo a la desestimación de una demanda o la eliminación de las alegaciones, se debía notificar y apercibir directamente al abogado de la parte que ha incumplido con una orden del tribunal para darle la oportunidad de corregir dicho incumplimiento. Continuó arguyendo el licenciado Bonilla Nieves que, del representante legal no contestar o cumplir con el primer aviso, procedían las imposiciones de sanciones al representante legal, y, de continuar el incumplimiento, procedían estas sanciones, pero apercibiéndole a la parte directamente de dichos incumplimientos y de sus consecuencias. Añadió que la desestimación como sanción prevalecería únicamente bajo situaciones extremas y posterior a que otras sanciones se hayan probado ineficaces.

---

[23] *Íd., Moción de Reconsideración,* págs. 135-138.

El 10 de noviembre de 2023, el TPI emitió una *Orden*,[24] notificada y archivada en autos el 17 de noviembre de 2023, por la cual denegó la *Moción de Reconsideración* presentada por la parte apelante.

Inconforme con tal determinación, el 18 de diciembre de 2023, la parte apelante presentó ante esta Curia un recurso de *Apelación* por el cual le atribuyó al foro primario la comisión del siguiente error:

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER LA MEDIDA MÁS SEVERA A LA PARTE DEMANDANTE Y DICTAR SENTENCIA DESESTIMANDO CON PERJUICIO.**

En síntesis, la parte apelante arguyó que el TPI incurrió en un grave error al desestimar con perjuicio la *Demanda* del caso de autos por inactividad. Sostuvo también que el foro primario le impuso la pena más severa a pesar de que el responsable por la inactividad fue el representante legal; que el TPI no le impuso sanción económica al representante legal de la parte apelante; y que tampoco apercibió a la parte apelante de la situación ni de las consecuencias que podía tener la situación creada por este. Alegó la parte apelante que el representante legal reconoció ante el TPI su error respecto al manejo de caso y, aunque solicitó que se le impusieran sanciones económicas y no penalizara a la parte, el foro primario desestimó el caso de marras. Sostuvo que el representante legal tenía un giro con número 103203400045363 expedido por el Banco Popular de Puerto Rico por la suma de $500.00 para consignarlo en el tribunal en pago de sanción, y que estaba dispuesto a pagar una suma mayor para que se le relevara de la *Sentencia* y se permitiera la continuación de los procedimientos. Además, arguyó que le informó al foro primario que el licenciado Bonilla Nieves tomó las medidas necesarias para que no ocurriese de nuevo.

---

[24] *Íd., Orden*, pág. 139.

Por su parte, el 9 de febrero de 2024, compareció la parte apelada por medio del *Alegato de la Parte Apelada en Oposición a Apelación* por el cual sostuvo que, si bien existe una política pública de ver los casos en los méritos, la jurisprudencia interpretativa reconoce instancias en las cuales la conducta de una parte constituye una clara e inequívoca desatención y abandono total de su caso. Arguyó la parte apelada que la parte apelante hizo caso omiso a todas las órdenes del TPI y tampoco promovió el descubrimiento de prueba. Alegó que el foro *a quo* había emitido una orden de mostrar causa dirigida al licenciado Bonilla Nieves ante su incomparecencia a la Conferencia Inicial y que ello constituyó una notificación válida. La parte apelada sostuvo también que dicha orden representaba un apercibimiento para este respecto al abandono e incumplimiento con la tramitación del caso, y que el pago de arancel de suspensión por su incomparecencia fue una medida de carácter económico respecto al licenciado Bonilla Nieves. Por último, arguyó que las acciones del foro primario evidenciaron los múltiples esfuerzos y recursos utilizados para desalentar el abandono de la causa de acción, pero las mismas resultaron ser ineficaces porque transcurrió el término para cumplir con las órdenes y tampoco corrigió la dejadez.

Luego de revisar los documentos que obran en autos, estamos en posición de resolver, primero delimitando el trasfondo normativo aplicable.

**II.**

**A.**

Nuestro sistema jurídico tiene como política pública que los casos se ventilen en sus méritos. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.,* 212 DPR 807, 818 (2023); *VS PR, LLC v. Drift-Wind, Inc.,* 207 DPR 253, 264 (2021); *Mercado Figueroa v.*

*Mun. San Juan*, 192 DPR 279, 287-288 (2015). Por ende, si bien los tribunales ostentan la facultad de desestimar casos con perjuicio en ciertas circunstancias, la misma debe ejercerse de forma juiciosa y apropiada. *VS PR, LLC v. Drift-Wind, Inc.*, *supra*, pág. 264; *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). El propósito principal de ejercer dicha facultad con prudencia es que "la desestimación priva al demandante de su día en corte para hacer valer las reclamaciones que válidamente tenga en contra de otros". *VS PR, LLC v. Drift-Wind, Inc.*, *supra*, pág. 264; *Mun. de Arecibo v. Almac. Yamika*, 154 DPR 217, 224-225 (2001).

Sin embargo, una parte no tiene el derecho a que su pleito ostente vida eterna en los tribunales manteniendo de esta forma a la otra parte en constante incertidumbre. *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 202-203 (2012); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 370 (2003); *Mun. de Arecibo v. Almac. Yamika*, *supra*, págs. 224-225. Cónsono con ello, la Regla 39.2 (b) de Procedimiento Civil, *supra*, expresamente establece que:

> (b) **El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses**, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no se considerarán como un trámite a los fines de esta regla.
>
> El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o la Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los asuntos.
>
> (Énfasis suplido); *Mun. de Arecibo v. Almac. Yamika, supra*, pág. 221.

En otras palabras, la Regla 39.2 (b) de Procedimiento Civil, *supra*, permite que los tribunales desestimen un caso cuando la parte demandante ha dejado de cumplir con su deber de promover el mismo luego de transcurrido un plazo de seis (6) meses. Para ello,

los tribunales deberán ordenar a la parte y a su abogado o abogada a expresar, dentro de un término de diez (10) días, las razones por las cuales no deba desestimarse y archivarse el caso.

Analizada la controversia bajo el marco doctrinal previamente esbozado, nos hallamos en posición de resolver.

**III.**

Según se relató, la parte apelante presentó una *Moción de Reconsideración* el 5 de octubre de 2023. Fundamentó su solicitud en que el incumplimiento con las órdenes del foro *a quo* por parte del licenciado Bonilla Nieves no conllevaba la desestimación, sino la sanción económica en contra de este y, ante la continuación con dicho incumplimiento, procederían sanciones, pero apercibiéndole directamente a la parte de dichos incumplimientos y de sus consecuencias. Por último, sostuvo la parte apelante que la desestimación como sanción prevalecería únicamente bajo situaciones extremas y posterior a que otras sanciones se hayan probado ineficaces. Sin embargo, el TPI denegó su solicitud de reconsideración y sostuvo la desestimación de la *Demanda* de epígrafe, pues los hechos procesales demostraron una situación extrema de desatención y abandono total del caso por más de seis (6) meses que no ameritaba justificación.

Inconforme, la parte apelante acudió en revisión ante nos.

Tras un análisis sosegado de la normativa aplicable, los hechos aplicables y del expediente ante nuestra consideración, concluimos que el foro primario incidió solamente a los efectos de desestimar con perjuicio el pleito de marras, cuando procedía desestimarlo *sin perjuicio*. Consecuentemente, modificamos y confirmamos la *Sentencia* recurrida.

La parte apelante arguyó que el foro primario incurrió en un grave error al desestimar con perjuicio la *Demanda* del caso de marras por inactividad. Sostuvo específicamente que el foro *a quo*

no le impuso sanción económica al licenciado Bonilla Nieves y que tampoco le apercibió a la parte apelante directamente de la situación ni las consecuencias que podían surgir de la situación creada su representante legal. Como veremos, le asiste razón solo en cuanto a que procedía una desestimación *sin perjuicio* del pleito de marras.

Como se expuso en la sección anterior, los tribunales podrán ordenar la desestimación de un pleito cuando hayan transcurrido seis (6) meses sin efectuarse trámite alguno, conforme a la Regla 39.2(b) de Procedimiento Civil, *supra*. Para ello, no se considerará como trámite mociones sobre suspensión o transferencia de vista o de prórroga. Además, los tribunales deberán dictar una orden, en la cual se le deberá notificar a las partes y al abogado o a la abogada, requiriéndoles que expongan por escrito, dentro de un término de diez (10) días, las razones por las cuales no deban desestimarse y archivarse los asuntos.

Del propio texto de la Regla 39.2(b) de Procedimiento Civil, *supra*, surge que bajo dicho inciso no se exige un estándar de disciplina escalonado, sino que simplemente se haya desatendido el caso por un periodo de seis (6) meses y que se le dé una oportunidad a la parte y a su abogado o abogada de expresarse. En el presente caso, la parte apelante presentó la *Demanda Enmendada* el 3 de octubre de 2022. No fue hasta el 18 de abril de 2023 que realizó un nuevo movimiento en su caso, siendo este la presentación de una *Moción de Reconsideración*. De la misma se desprende, no obstante, que la parte apelante solicitó una prórroga de veinte (20) días laborables, la cual no cuenta como trámite bajo la Regla 39.2 (b) de Procedimiento Civil, *supra*, para presentar la fianza de no residente a favor de Sr. Héctor Javier Falcón Sánchez y la Sra. Yariliz Falcón. Ante ello, durante la Conferencia Inicial, la representante legal del Dr. Alejandro Figueroa Navarro, argumentó que había transcurrido el término de seis (6) meses sin que la parte apelante hubiese

realizado gestión en el pleito y procedía la desestimación de su reclamación. Consecuentemente y cónsono con la Regla 39. 2(b) de Procedimiento Civil, *supra*, durante dicha Conferencia Inicial, el TPI emitió una orden de mostrar causa dirigida al licenciado Bonilla Nieves para que, dentro de un término de quince (15) días, expusiera las razones para su incomparecencia y ordenó la cancelación de un arancel de suspensión. También advirtió que la parte apelante tenía que exponer, dentro de un término de quince (15) días, razón por la que no debía desestimar el caso. El 11 de septiembre de 2023, la parte apelante presentó su *Oposición a Desestimación* en la que alegó que por error o inadvertencia no se había presentado su moción en cumplimiento con las órdenes, y que las notificaciones relacionadas al caso de marras estaban siendo archivadas en el correo electrónico del licenciado Bonilla Nieves sin que se percatara de la situación. Ante todo lo anterior, el TPI no estaba obligado a sancionar al licenciado Bonilla Nieves.

Sin embargo, los tribunales apelativos podemos intervenir con la decisión del TPI de hacer la desestimación una con o sin perjuicio cuando se haya incurrido en abuso de discreción. *VS PR, LLC v. Drift-Wind, Inc., supra*, pág. 275. Se ha definido abuso de discreción, entre otras cosas, como "cuando el juez, en la decisión que emite, no toma en cuenta e ignora, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto". *Pueblo v. De Jesús Mercado*, 188 DPR 467, 480 (2013) (*citando a Pueblo v. Ortega Santiago*, 125 DPR 203, 211-212 (1990)). En el caso de marras, surge de la *Demanda* que se le amputó una pierna al señor Falcón Casillas. Si ello fuera poco, el señor Falcón Casillas perdió su día en corte ante la desatención del pleito de marras por parte del licenciado Bonilla Nieves. Por lo tanto, el foro primario incidió al desestimar con perjuicio el caso de epígrafe.

**IV.**

Por los fundamentos antes expuestos, modificamos y confirmamos la *Sentencia* recurrida. Consecuentemente, devolvemos el caso al foro primario para que desestime *sin perjuicio* el pleito de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones